## MACK HENDRICKS v. FRED HUGHES and A. S. Anderson.

(163 N. W. 268.)

**Automobile collision — injury from — damages — action for — street — defendant's failure to properly use.**

 In this case the plaintiff sues to recover damages from an automobile collision

---

Note.—On rules of the road governing vehicles proceeding in opposite directions, see note in 41 L.R.A.(N.S.) 322. As to rule of the road governing vehicles proceeding in the same direction, see note in 41 L.R.A.(N.S.) 337. As to rules of the road

resulting from the fact that the defendants did not keep on the right-hand side of the street. The verdict is well sustained by the evidence.

Opinion filed June 2, 1917.

Appeal from the District Court of Ward County, Honorable *K. E. Leighton,* Judge.

Affirmed.

*C. E. Brace,* for appellants.

A person cannot recover for personal injuries unless he was in the exercise of ordinary care for his own safety, and the injury resulted from the negligence of the defendant. Le Baron v. Joslin, 41 Mich. 313, 2 N. W. 36, 44 Mich. 160, 6 N. W. 214; Lake Shore & M. S. R. Co. v. Bangs, 47 Mich. 470, 11 N. W. 276, 4 Am. Neg. Cas. 29; Brady v. Chicago, St. P. M. & O. R. Co. 59 Neb. 233, 80 N. W. 809.

If plaintiff's own negligence contributes to the injury, he is not entitled to recover. Portman v. Decorah, 89 Iowa, 336, 56 N. W. 512; Griggs v. Fleckenstein, 14 Minn. 81, Gil. 62, 100 Am. Dec. 199, 1 Am. Neg. Cas. 311.

Where an injury is due to the negligence of both parties, no recovery can be had. Sherlock v. Minneapolis, St. P. & S. Ste. M. R. Co. 24 N. D. 40, 138 N. W. 976.

Our courts will take judicial notice of such matters of common knowledge and science as may be known to all men of ordinary understanding and intelligence. Comp. Laws 1913, § 7938 (68).

Contributory negligence is an act or omission of plaintiff amounting to a want of ordinary care and prudence. Plaintiff was guilty of this negligence in this case. Guthrie v. Missouri P. R. Co. 51 Neb. 746, 71 N. W. 722; Acton v. Fargo & M. Street R. Co. 20 N. D. 434, 129 N. W. 225.

The granting of a new trial for insufficiency of the evidence is largely within the judicial discretion of the trial court, and its decision will not generally be reversed unless there is a clear case of abuse. The lower

governing vehicles at intersection of street and when turning across street, see note in 41 L.R.A. (N.S.) 346.

On liability for collision between automobile or automobile and another vehicle at or near corner of street or highway, see note in L.R.A.1916A, 745.

court here did abuse its discretion, for the record shows a clear case of contributory negligence that a new trial should be granted. Galvin v. Tibbs, H. & Co. 17 N. D. 600, 119 N. W. 39; Bristol & S. Co. v. Skapple, 17 N. D. 271, 115 N. W. 841; Casey v. First Bank, 20 N. D. 211, 126 N. W. 1011; Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707.

*Fisk, Murphy, & Linde and Francis J. Murphy,* for respondent.

Argument on the facts and the law of the case. No authorities cited.

Robinson, J. The plaintiff sues to recover damages resulting from an automobile collision. The verdict was for $625. Defendants appeal from the judgment and from an order denying a new trial, and insist that the evidence is insufficient to sustain the verdict.

The plaintiff was in a car of 1,000 pounds and kept close to the right of a highway; the defendants were in a car of 3,000 pounds, a 48-horse power Case, and did not keep to the right of the highway. They went to the left and ran into the small car. The result of the impact was to destroy the small car and to knock the plaintiff senseless; to throw him out and in front of the car. It must be that the small car was carried backwards some distance, because, on recovering their senses, a witness who was with the plaintiff seems to have thought that he had been thrown forward some 30 or 50 feet, while the testimony is that the small car was moving about 8 miles an hour. But it is argued that the small car must have been moving with great velocity to throw the plaintiff and his witness so far, and hence that they were guilty of contributory negligence. It is manifest the parties knew nothing of the distance they were thrown. If the car had been moving at a mile a minute the velocity would not have carried them more than about 21 feet, and if the big car had kept on its side of the street, there would have been no collision. The plaintiff had no good reason to fear that the big car would cross onto his side of the street and run into his car. Hence, there was no showing of contributory negligence; and there is no claim that the damages awarded is excessive. It is said the testimony indicates that both cars came to an immediate stop at the time of the collision, and that hence the velocity of the small car must have been three times as great as that of the large car. The reasoning is correct, but the whole evidence gives a strong impression that the small

car was carried backwards so as to give the plaintiff an impression that they had been thrown forward. However, the collision did not result from the velocity of either car. It resulted from the fact that the big car got on the wrong side of the street. The testimony of the plaintiff is that at the time of the collision he was within 3 feet of the right-hand side of the street, which was 44 feet wide, and that the big car was going at a speed of 25 miles an hour, and that the small car was completely ruined, and that he was knocked senseless and thrown out in front of the car and injured so he was not able to do his regular work for two or three months. He says: It felt to me as if everything inside of me was broken, and that my breast was smashed in.

Of course there is some conflict of testimony, but the verdict is well sustained by a preponderance of the evidence. Judgment affirmed.